# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANDREW M. ELSWICK,**

    **Plaintiff,**

vs.                                                    Case No. 4:23-cv-00401-WS-MAF

**SGT. HUNTER,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Andrew M. Elswick, a prisoner proceeding *pro se*, filed an amended complaint pursuant to 42 U.S.C. § 1983. ECF No. 4. As of the date of the drafting of this Report, Plaintiff did not pay the $402 filing fee and did not file an application to proceed *in forma pauperis* (IFP) though the Court ordered him to do so on two occasions. See ECF Nos. 3, 5. For the reasons stated, this case should be dismissed because the amended complaint is a shotgun pleading and Plaintiff failed to comply with court orders.

I.    **Plaintiff's Amended Complaint, ECF No. 4.**

Plaintiff sued two prison guards at Franklin Correctional Institution: Sgt. Hunter and Officer Jesus Garcia, solely in their individual capacities. ECF No. 4, pp. 1-3. Plaintiff alleges he was assaulted on April 20, 2023. He

reported the assault to Sgt. Hunter; but Plaintiff provides no details of the assault. Id., p. 5. Hunter ignored Plaintiff. Id. Plaintiff was pulled out of the cell for his safety and to report the incident. Id.

Plaintiff alleges that Garcia was called into the dorm in the morning. Id. An assault took place after lunch, but, again, Plaintiff provides no details. "Defendant was told to search [the cell] for a weapon; and found a razor cutter." Id., p. 6. Plaintiff does not indicate which defendant found the razor cutter. Allegedly, Defendants dragged, pushed, shoved, and forced Plaintiff back into the cell where he was assaulted and ignored Plaintiff's fear. Id., pp. 5-6. The use of force resulted in injury, but Plaintiff provides no details of what injuries he suffered. Id. Plaintiff seeks $20,000 for his excessive force claims and $10,000 for his failure to protect claims. Id., p. 5. The Court previously advised shotgun pleadings are not permissible. ECF Nos. 3, 5.

This Court ordered Plaintiff to file a complete IFP application or, alternatively, pay the $402 filing fee no later than November 17, 2023. ECF No. 5, p. 8. The Court also ordered Plaintiff to file a second amended civil rights complaint by the same deadline. Id. Plaintiff filed a motion for an extension of time, but it was stricken for failure to comply with the Local Rules. ECF No. 7.

## II. Discussion

### A. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. Of Ky., 627 F. App'x 816, 818 (11th Cir. 2015). The amended complaint is largely a running narrative. The Court previously advised Plaintiff of this deficiency, but he failed to cure it. See ECF Nos. 3, 5.

"A 'shotgun pleading' – one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' – does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal

conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff does not attribute any specific acts or omissions to either defendant. Twice, the Court advised Plaintiff this type of pleading was

impermissible and ordered him to amend, but he failed to comply with these orders. ECF Nos. 3, 5.

### B. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the amended complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

The Court ordered Plaintiff to file an IFP application or alternatively pay the filing fee and to amend his first amended complaint by November 17, 2023, but he did not do so. ECF No. 5. Three times the Court warned Plaintiff that failure to comply with court orders would result in a recommendation of

dismissal. ECF Nos. 3, 5, 7. Plaintiff will not be prejudiced by this dismissal. He may refile a proper complaint subject to a new case number and filing fee.

### III.  Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** because it is a shotgun pleading and Plaintiff failed to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on November 29, 2023.

/s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only

and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).